Timothy B. Pierce, In Pro Per
26363 Esperanza Drive
Los Altos Hills, CA 94022
Telephone: (650) 996-4154

Plaintiff, In Pro Per

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### (SAN JOSE DIVISION)

| | |
|---|---|
| TIMOTHY B. PIERCE, | Case No. CV 15-06117 PSG |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS** |
| v. | **(Demand for Jury Trial)** |
| CITY OF PALO ALTO, a government entity; CHIEF DENNIS BURNS, an individual; AGENT DAN RYAN, an individual; and DOES 1-30 inclusive, | |
| Defendants. | |

Plaintiff TIM PIERCE hereby complains against Defendants CITY OF PALO ALTO, CHIEF DENNIS BURNS, AGENT DAN RYAN, and DOES 1-30, inclusive (collectively "Defendants") as follows:

### THE PARTIES

1. Plaintiff Tim Pierce ("Plaintiff") is and was at all relevant times an individual residing in Santa Clara County.

COMPLAINT                                  1                              Case No. _____

2. Defendant City of Palo Alto (the "City") is and was at all relevant times a government entity within Santa Clara County, California, which operates and governs the Palo Alto Police Department.

3. Defendant Dennis Burns ("Burns") is and was at all relevant times an individual employed by the City as Assistant Chief of Police for the Palo Alto Police Department acting under color of law and in the course and scope of his employment.

4. Defendant Agent Dan Ryan ("Ryan") is and was at all relevant times an individual employed by the City as an Agent for the Palo Alto Police Department and acting under color of law and in the course and scope of his employment.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times, each of the above-named Defendants was the agent or principal of the other Defendants and acted within the course and scope of such agency and/or employment. Plaintiff is informed and believes and thereon alleges that each and every wrongful act by Defendants complained of herein was done with the approval, express or implied, of each of the other Defendants, and each Defendant has ratified and approved the acts and omissions of each of the others.

## JURISDICTION AND VENUE

6. Plaintiff brings this action against Defendants to redress the deprivation of rights secured him by the Fourth Amendment, Fourteenth Amendment, Due Process Clause and Equal Protection Clause of the US Constitution, 42 U.S.C. § 1983, and California common law.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1343(a)(3), and 42 U.S.C. § 1983.

8. Plaintiff also invokes supplemental jurisdiction over Plaintiff's state law claims against Defendants for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

**COMPLAINT** 2

Case No. _____

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions that give rise to Plaintiff's claims occurred in Santa Clara County.

## ALLEGATIONS COMMON TO ALL COUNTS

10. In order to conceal the unlawful acts committed upon Plaintiff and to perpetuate the malicious prosecution of Plaintiff, Defendants engaged in a pattern of deliberate withholding and suppressing evidence from the Plaintiff and the Court. Upon multiple requests for video tapes from DA, Palo Alto Police Department, an unduly time (8 months two weeks duration) had transpired before the prevailing Judge demanded the DA turn over the tapes, so as to avoid another continuance and move forward with trial. Subsequently tapes were finally released the following week with the purported missing Plaintiffs' vital evidence, and discussion of Plaintiffs' "health issues" acknowledged by Agent Dan Ryan, present at the time of incident. Agent Dan Ryan knowingly and deliberately ignored Title 17.

11. In order to deliberately conceal the unlawful acts committed upon Plaintiff and to perpetuate the malicious prosecution of Plaintiff, Defendants unlawfully altered audio/video recordings that captured the incident. As of recent acquiring the services of a professional "Forensic Lab Analysis", resulted in: ie. officer (Agent Dan Ryan) voice overlap, also (Agent Dan Ryan) appearing in two different places at the same time line, to which is humanly impossible unless video tapes were deliberately unmistakably altered. Also according to previous court transcripts (hung jury) California vs. Timothy Pierce, of 2 officers "under oath" at the same scene confirming a contradicting "time line" accounting for a minimum of 8 minutes, "missing" or deleted from the middle of the video prior to second back-up office arriving at scene. Under oath Verified and Confirmed (Agent Dan Ryan knowingly stating approximately 4 minutes) given as altered/tampered/edited video to contradict the timeline stated during trail and under oath by the back up officer arriving at the scene (actual 13 minutes of time lapse occurred), for a difference of a minimum of 8 minutes evidence

**COMPLAINT**     3     Case No. _____

deleted and spliced together resulting to show approximately 4 minutes given by the DA, and the Palo Alto Police Department. Google KEY WORDS (Police Department Audio Video Tampering) Palo Alto Police Department is TOP HIT for search in USA.

12. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer physical injury, injury to his reputation, severe emotional distress, embarrassment, humiliation, anxiety, fear and anguish and now lives in constant fear for his safety and of being persecuted by Defendants in the future all to his damage in an amount according to proof.

### FIRST CAUSE OF ACTION
### (VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §1983)
### (Against All Defendants)

13. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs of the Complaint.

14. Section 1983 creates an action for damages against individuals and local governmental bodies who deprive a plaintiff of rights, privileges or immunities secured by the Constitution and laws.

15. Defendants conducted, as described herein, violated Plaintiff's rights as guaranteed by the First Amendment, Fourth Amendment, Fourteenth Amendment, Due Process Clause and Equal Protection Clause of the United State Constitution.

16. Defendants' conduct, as described herein, constitutes an unlawful arrest, unreasonable and excessive use of force and deprivation of liberty without due process of law under color of state law. In addition, Defendants' conduct, as described herein, constitutes a deprivation of Plaintiff's right to be free from an unlawful entry, an unlawful arrest, and unreasonable searches and seizures, and the right to be free from interference with the zone of privacy. In addition, Defendants' conduct, as described herein, further constitutes obstruction of justice with the malicious intent to deprive Plaintiff of his rights to due process and equal protection of the law.

17. Each of the Defendants was involved in and encouraged the other Defendants' deprivation of Plaintiff's rights as alleged herein.

18. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer physical injury, injury to his reputation, severe emotional distress, embarrassment, humiliation, anxiety, fear and anguish and now lives in constant fear for his safety and of being persecuted by Defendants in the future all to his damage in an amount according to proof.

19. Defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiff, entitling Plaintiff to punitive damages against the Police Officers.

20. Upon information and belief, at all relevant times, the City permitted and tolerated a pattern and practice of unreasonable searches and seizures, unreasonable and excessive use of force and obstruction of justice by police officers.

21. Upon information and belief, the City has maintained a system of review of police conduct that is so untimely and cursory as to be ineffective.

22. The City by and through their supervisory employees and officials, had been given notice of a pattern of ongoing constitutional violations and practices by Defendant Police Officers. Despite such notice, the City demonstrated the deliberate indifference to this pattern and these practices of constitutional violations by failing to take necessary, appropriate or adequate measure to prevent the continued perpetuation of said pattern of conduct by the individual Defendants. This lack of an adequate supervisory response by Defendant the City demonstrates the existence of an informal custom or policy that tolerates and promotes the obstruction of justice, the use of excessive force and violations of civil rights of residents by Defendants. This lack of a response impliedly authorized Defendants' continued abuse of their status as police officers and their use and control of Palo Alto Police Department weapons to terrorize unarmed private citizens, in the past, now and in the future.

23. The City has also failed to properly investigate citizen complaints made against their employee officers. This failure results from a systematic inability and unwillingness of the department to police itself and to be accountable for the illegal

acts of its officers. Investigations that are conducted are done so in a perfunctory manner and are not handled objectively. Consequently, the Defendant Police Officers are not properly disciplined, retrained, reassigned, demoted, or discharged because the department intentionally fails to identify and follow-up on instances where excessive force and other unconstitutional violations are alleged.

24. The acts of the Police Officers herein are the direct and proximate result of the deliberate indifference of Defendants the City and their supervisory officials and employees as to violations of constitutional rights of citizens by Defendants. The Plaintiff's injuries were foreseeable and a proximate result of the deliberate indifference of the City to the pattern, practices, customs and polices described above.

25. This policy and practice of the City encouraged and caused constitutional violations by police officers, including the violation of Plaintiff's constitutional rights.

26. At all relevant times, the Police Officers were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against All Defendants)

27. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs of the Complaint.

28. In doing each and all of the acts alleged herein, the Police Officers, while acting as agents and employees for the City, engaged in a course of conduct that was intentional, extreme and outrageous.

29. Defendants engaged in this course of conduct with wanton and reckless disregard for the harm or injury that might result to Plaintiff.

30. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer physical injury, injury to his reputation, severe emotional distress, embarrassment, humiliation, anxiety, fear and anguish and now lives in

constant fear for his safety and of being persecuted by Defendants in the future all to his damage in an amount according to proof. Plaintiff has suffered and continues to suffer injury to his reputation, severe emotional distress, eviction, embarrassment, humiliation, anxiety, fear and anguish, missed the joy of life opportunities that will never be replaced or afforded and now lives in constant fear for his safety and of being maliciously prosecuted by Defendants in the future all to his damage in an amount according to proof.

31. Defendants acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the safety and rights of Plaintiff, entitling Plaintiff to punitive damages.

32. At all relevant times, the Police Officers were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City.

### THIRD CAUSE OF ACTION
#### (Negligence)
#### (Against All Defendants)

33. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs of the Complaint.

34. The Police Officers, while acting as agents and employees for the City, further breached this duty by unreasonably searching and seizing Plaintiff without probable cause.

35. As a legal and proximate result of Defendants' negligence, Plaintiff has suffered and continues to suffer damages, including but not limited to, severe emotional distress, embarrassment, humiliation, anxiety, fear and anguish.

36. Defendants' violations of Plaintiff's rights, including without limitation the assault and battery and unreasonable search and seizure, was done with wanton indifference to and deliberate disregard for the safety and rights of Plaintiff, entitling Plaintiff to punitive damages.

37. The City owed Plaintiff a duty to train, supervise and otherwise control the Police Officers in the use of force and other matters incidental to the exercise of police functions, and properly enforcing title 17.

38. The City breached its duty by failing to provide adequate training, supervision, and control of the Police Officers. i.e.; Previous and current ongoing court cases involving tampering with evidence brought against the Palo Alto Police Department.

39. As a legal and proximate cause of the City's negligence, Plaintiff has suffered damages, including but not limited to, injury to Plaintiff's mental peace and comfort, severe emotional distress, embarrassment, humiliation and anguish.

## FOURTH CAUSE OF ACTION
### (False Arrest and False Imprisonment)
### (Against the Police Officers, the City, and DOES 1-30)

40. Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs of the Complaint.

41. As described herein, Defendants intentionally and unlawfully violated Plaintiff's personal liberty by confining Plaintiff against Plaintiff's will in full knowledge of Title 17, as well as with the express and implied threat of force. By Defendant (Agent Dan Ryan) removing Plaintiffs baseball cap forcefully and punching the hat back into the chest of Plaintiff (Timothy Pierce) while shoving backwards to intentionally unbalance (Tim Pierce), with subsequent, intentional and unlawful harm of Plaintiff. The confinement was for an appreciable period.

42. As a direct and proximate result of Defendants' FALSE arrest and FALSE imprisonment, as set forth above, Plaintiff has suffered and continues to suffer injury to his reputation, severe emotional distress, embarrassment, humiliation, anxiety, fear and anguish, all to his damage in an amount according to proof.

43. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard for Plaintiff's rights.

44. At all relevant times, the Police Officers were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City.

//

**PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. For compensatory (special) damages according to proof;
2. For general damages, including without limitation, for mental and emotional distress according to proof;
3. For punitive damages according to proof;
4. For an award of interest, including prejudgment interest, at the legal rate;
5. For an award of attorneys' fees pursuant to, without limitation, 42 U.S.C. §1988;
6. For costs of suit incurred; and
7. For such other and further relief as the Court may deem just and proper.

Date: December 24, 2015        TIMOTHY B. PIERCE

By: _____
Timothy B. Pierce
Plaintiff, In Pro Per

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all claims for which a jury trial is available pursuant to Federal Rules of Civil Procedure Sections 38(a) and (b).

Date: December 24, 2015        TIMOTHY B. PIERCE

By: _____
Timothy B. Pierce
Plaintiff, In Pro Per

COMPLAINT                              9                              Case No. _____